The last case on the calendar, Wright v. Musanti. Stephen Warshawski Good morning, Your Honors. My name is Stephen Warshawski. I represent the Plaintiff Appellee, Scott Wright, along with my co-counsel, Thomas Petrovski. This is an appeal from a decision by District Judge Catherine B. Forrest of the Southern District of New York following a one-day bench trial. Judge Forrest found the defendant, Ms. Musanti, liable for assault and battery. Could you address the subject matter jurisdiction question? Yes. Typically, we look at diversity at the outset of the case. This case is a little bit different. There was federal question jurisdiction at the outset, apparently not diversity. Judge Forrest didn't really cite authority when she said that there was now diversity. Could you address that point? Yes, Your Honor. I mean, she could have said supplemental and there wouldn't be an issue, but she didn't exercise supplemental. Yes, Your Honor. So the issue that comes up in those cases is when you have a case under diversity jurisdiction, that the parties are required to establish that at the outset so the courts have proper constitutional and statutory basis. In this case, there was a proper basis from the outset over the entire action because we had originally a section 1983 claim. So the district- No diversity at the outset. No diversity, correct. So initially, there was a section 1983 claim under federal question against the police officer. And then the state law claims against Ms. Musanti fell under supplemental jurisdiction. Now, sometime before she answered the complaint, she relocated to Nashville, Tennessee. So at that point, there was two parties in terms of Mr. Wright and Ms. Musanti who resided in different states. And the amount in controversy plausibly exceeded $75,000. So the statutory requirements for diversity jurisdiction were created while the litigation was pending by the defendant's actions. Is there a case law that says when a case starts with federal question jurisdiction, and then the federal question jurisdiction falls by the wayside, you can then look to diversity jurisdiction, even though diversity doesn't arise until after the suit was filed? Yes, Your Honor. Interestingly, no. At least I could not find a case on point. And that's probably the most- No case the other direction either, does it? No case the other direction. Yes. That's what makes this case, I think, interesting factually because of that unique change of the basis for jurisdiction over the plaintiff's claims against Ms. Musanti. But our point is that at all times, the court properly had jurisdiction over the entire action. Originally, with respect to Ms. Musanti under supplemental jurisdiction, but then based on her own move to Nashville, there was now an independent- Can we now just conclude or assume that Judge Forrest would have exercised supplemental jurisdiction if she thought there was a question? Or is there anything in the record to indicate that she would have exercised supplemental? If she would have exercised supplemental, no. Because when we had that discussion with, or when we had that issue with Judge Forrest, she had issued an order for the plaintiff to show cause why the action shouldn't be dismissed at that point. And we responded to that not by addressing the supplemental jurisdiction factors, but by pointing out that at that point in time, we had diversity jurisdiction. And that was the basis for Judge Forrest's order at that time. Are you saying now that you're precluded from arguing that in any event, there would have been supplemental jurisdiction? I don't know why. It's a jurisdictional question. A jurisdictional question can be addressed at any point. So I'm not sure why we would be precluded from that. But at the same time, I don't- Only because you didn't argue it, I guess. But you didn't have to argue it because you thought you were on solid ground, at least even though there was no case supporting it, that it's going with the diversity. That's correct, your honor. Our position was that at that point, we had the basis for diversity jurisdiction. And so- There's no case that says that, so what do we do now? You have logic on your side, but Oliver Wendell Holmes once made a famous statement about that. And so we have to make new law to agree with that. Well, I think in the sense that this fact pattern, I could not find a case with this reported fact pattern. So yes, in that sense, this is a case of first impression. But I don't think the legal principles are new law. The fundamental legal principle is whether the district court properly exercised jurisdiction over the action. If you have to have diversity at the time of filing of the complaint, and you didn't, then under these circumstances, it would be, and I don't know where the statute of limitations is and how that would play out, but you'd have to file a new complaint. And I guess this was just a shortcut, your way of saying, well, why should we have to file a new complaint alleging diversity? Because there is diversity here. Can't we just treat it as if there's diversity and that's the basis for jurisdiction? Well, as a practical matter, that's correct. We did make that argument and we do make that argument. But I think that the case law that the defendant points to really doesn't stand for the proposition that in a case like ours, diversity jurisdiction always has to be established from the beginning. What those cases point out is that there must be federal court jurisdiction from the beginning and you can't create it later on. There was no jurisdiction, if you had a simple diversity case where there's no other possible, no federal question jurisdiction at all. And the lawyer files the case, maybe mistakenly believing that there's diversity or just because it's an ignorant lawyer who doesn't know the rule, there is no jurisdiction and the case is a nullity. So if at some later time, it turns out that somebody moves and now there could be diversity of citizenship, the problem is you can't sort of  Your position is your case was valid from the beginning, so that problem doesn't arise. That's exactly right, Your Honor, yes. And the problem with supplemental jurisdiction, as I see it, and maybe you can comment on this, is that is a discretionary judgment by the district court. If the district court did not make that discretionary determination, maybe we could remand and ask the district court to consider retroactively whether it would have exercised supplemental jurisdiction. Although that raises some of the same problems, if we think there is no diversity jurisdiction, then the court would be sort of retroactively reasserting a jurisdiction that it didn't assert at the time. It would have to exercise the discretion, it might or it might not. And if it did, we do have some cases saying under XYZ circumstances, it's an abusive discretion. And then there would be another appeal about whether the district court appropriately exercised supplemental jurisdiction. I assume you'd rather go through all that than have the case dismissed for a lack of jurisdiction. But I take it you would much prefer that we address the novel issue of diversity jurisdiction in the first instance and decide that one in your favor. Yes, of course, Judge Lynch, and I do think that the fundamental principle here is one of the constitutional and statutory power of the district court to hear the action, including specifically the claims between Mr. Wright and Ms. Musanti. And that- The district court was implicitly exercising supplemental jurisdiction over those claims. At the beginning of the case. Yes. Yeah. And Ms. Musanti did not challenge supplemental jurisdiction at the beginning of the case or in her answer. And then it was when she filed the answer that we saw that she had relocated permanently to Nashville, Tennessee, that I realized, we now have a diversity jurisdiction situation. And I have this sometimes with other scenarios where I have a federal claim that my client can assert against an out-of-state party, which also has diversity jurisdiction. And so I'll often allege both federal question and diversity jurisdiction. So they overlap. I think what makes this case interesting, but I don't think it's constitutionally problematic, is that the change occurred while the case was in the early stages, when it was beginning. Are there any other cases not necessarily involving diversity jurisdiction where the basis for jurisdiction, federal jurisdiction changes in the course of a litigation? It's a little hard to come up with hypotheticals. I'm just wondering if you've thought about that. Well, I looked for cases where the theory or the basis for jurisdiction changed. And I was not able to find any. Which sort of surprised me because it seems to me that this fact pattern can't be literally unique. I'm sure it happens, but it's just not written up. It's not made an issue. You want to spend a moment on the merits? Only if the court would like to hear it. We're fine then. Okay, thank you. Thank you very much. We'll reserve decision. That completes our calendar for today. The motions are on submission. We will take them under advisement. I'll ask the clerk to adjourn. Court is adjourned.